**DISTRICT COURT OF MARYLAND FOR** Prince George's County

LOCATED AT (COURT ADDRESS)

14735 Main Street, Suite 173B, Upper Marlboro, MD 20772

**COMPLAINT** ☐ $5,000 or under ☐ over $5,000 ☒ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort
☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

See Attached

CASE NO.

**CV**

**PARTIES**

Plaintiff

DACHELL CALDER, as Parent and
Next Friend of R___ C/___
1553 Anacostia Street NE Apt. 12
Washington, DC 20019

VS.

Defendant(s)

1. REGINALD LEWIS JR
6419 Hil Mar Drive Apt. 401
District Heights, MD 20747

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2. WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

3. Serve on: Curtis Gilmer
600 Fifth Street, NW
Washington, DC 20001

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

4.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

COPY

(See Continuation Sheet)
☐ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 15,000 _____ plus interest of $_____ and
attorney's fees of $_____ plus court costs.
☐ Return of the property and damages of $_____
for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
$_____ for its detention in action of detinue.
☐ Other_____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code
Signer's Address: 6448 Bock Road Oxon Hill MD
20745
Signer's Telephone Number: 240-667-7702
Signer's Facsimile Number, if any:_____
Signer's E-mail Address, if any:_____

**ATTORNEYS**

For Plaintiff - Name, Address, Telephone Number & Code
William C. McCaskill #10-506
6448 Bock Road
Oxon Hill, Maryland 20745
240-667-7702

**MILITARY SERVICE AFFIDAVIT**

_____ is/are in the military service.
☐ Defendant(s) _____
☐ No Defendant is in the military service. The facts supporting this statement are:

_____

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

_____
Date

_____
Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed. ☐ Itemized statement of account ☐ Interest worksheet ☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Verified itemized repair bill or estimate ☐ Voucher ☐ Check ☐ Other written document _____ of the Plaintiff herein and am competent to testify to
I THEREBY CERTIFY: That I am the ☐ Plaintiff _____ the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____
Signature of Affiant

DC/CV 1 (front) (Rev. 7/2011)

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.

2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

Another option after an adverse judgment is to file a MOTION FOR A NEW TRIAL.

1. 10 DAYS—You have 10 days from day of judgment to do this.

2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

The last options are to file MOTIONS to change the JUDGMENT.

1. 10 DAYS for ALTERING or AMENDING the judgment.

2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—

1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.

2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—

3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs).
Some of your goods are, by their nature, exempt from such action—
(a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
(b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
(c) Professionally prescribed health aids for you or any of your dependents.
(d) Your interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal, family or household use by you or your dependents.
(e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
(f) Money payable or paid in accordance with an agreement or court order for child support.
(g) Money payable or paid in accordance with an agreement or court order for alimony to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(ii) or (2)(i) of the Commercial Law Article.
(h) The debtor's beneficial interest in any trust property that is immune from the claims of the debtor's creditors under § 14-113 of the Estates and Trusts Article.
(i) With respect to claims by a separate creditor of a husband or wife, trust property that is immune from the claims of the separate creditors of the husband or wife under § 14-113 of the Estates and Trusts Article.

4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.

5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
Exemptions from garnishment—
(1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.

To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

IN THE DISTRICT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

DACHELL CALDER, as Parent and
Next Friend of R_____ C_____
1553 Anacostia Street NE
Apt. 12
Washington, DC 20019

              Plaintiff

vs.

REGINALD LEWIS JR
6419 Hil Mar Drive
Apt. 401
District Heights, MD 20747

              Defendant

              Case No._____

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
      Serve on:
      Curtis Gilmer
      600 Fifth Street, NW
      Washington, DC 20001

              Defendant

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF SAID COURT:

    COME NOW Plaintiffs, Dachell Calder as Parent and Next Friend of R____ C____, minor, by and through their attorney, William C. McCaskill, and bring this action against Defendant, Washington Metro Area Transit Authority (hereinafter WMATA), and in

1

support state as follows:

## COUNT ONE

1. That Plaintiff, Dachell Calder as Parent and Next Friend of R     C     , minor, is an adult citizen of the United States and a resident of Washington, DC.

2. The Defendant, WMATA, is an entity registered to do business in the District of Columbia providing transportation service and was so conducting business on or about October 27th, 2016.

3. That at all times relevant to the instant complaint, Reginald Lewis was the agent, servant and/or employee of Defendant, WMATA.

4. That at all times relevant to the instant complaint, Reginald Lewis was acting within the scope of his agent, servant and/or employee relationship with Defendant.

5. That at all times relevant to the instant complaint, Reginald Lewis was operating a vehicle owned by Defendant, and was so operating said vehicle with Defendant's permission and in furtherance of Defendant's business.

6. That Defendant is liable for the negligent acts of its agents, servants and/or employees, including those of Reginald Lewis on October 27th, 2016.

7. That on or about October 27th, 2016, Plaintiff, Riley Calder, was a passenger on a bus operated by Wayne Moore, travelling south bound on Eastern Avenue NE in the District of Columbia. At all times herein, Plaintiff was acting in a lawful and prudent manner.

8. At the same time, Reginald Lewis operated a WMATA bus attempting to make a left turn from east bound Randolph street, entering into Plaintiff's lane of travel, striking Plaintiff's bus, causing a collision that severely injured Plaintiff, Riley Calder.

2

9. That it was then and there the duty of Reginald Lewis, acting as an agent, servant and/or employee of Defendant, to use due care to watch the road, to maintain a proper lookout, to obey the traffic laws and rules of the road of the District of Columbia, to maintain a proper speed for the conditions present, to reduce speed to avoid the accident, to yield to oncoming traffic when entering an intersection, to maintain a proper distance between vehicles, and to stop in order to avoid a collision, particularly with regard to Plaintiff Riley Calder.

10. That Reginald Lewis, acting as an agent, servant and/or employee of Defendant, then and there breached that duty of due care by failing to watch the road, failing to maintain a proper lookout, failing to obey the traffic laws and rules of the road of the District of Columbia, failing to maintain a proper speed for the conditions present, failing to reduce speed to avoid an accident, failing to yield to oncoming traffic, failing to maintain a proper distance between vehicles, failing to stop in order to avoid a collision, and failing to exercise due care, particularly when Plaintiff's vehicle. At no time was Plaintiff contributorily negligent and she was without opportunity to avoid the accident.

11. That said negligence on the part of Reginald Lewis, acting as an agent, servant and/or employee of Defendant, was the actual and proximate cause of the collision. The said collision was the actual and proximate cause of the injuries and damages which occurred to Plaintiff on the date aforesaid.

12. That as a direct and proximate result of the negligence of Reginald Lewis, acting as an agent, servant and/or employee of Defendant, Plaintiff has suffered and will continue to suffer in the future physical injuries and mental anguish. Additionally, Plaintiff has expended, and will continue to expend in the future, sums for medical care and treatments, medicines, nursing service, physical therapy and other medical related attention. All the

3

above damages were directly and proximately caused by the aforementioned negligence of the Defendant's agent and were incurred without contributory negligence on the part of the Plaintiff or an opportunity for Plaintiff to avoid the incident.

WHEREFORE, Plaintiff, Dachell Calder as Parent and Next Friend of R___ C___, demands judgment against Defendant, Washington Metropolitan Area Transit Authority, in the amount of Fifteen Thousand Dollars ($15,000.00) plus costs.

Respectfully Submitted,

William C. McCaskill

William C. McCaskill, Esq. #10-506
6448 Bock Road
Oxon Hill, Maryland 20745
(240) 667-7702
Attorney for Plaintiff

4